### No. 846.

#### Eugene Petetin *v.* Vincent Boagni, Administrator.

The prescription of five years is pleaded against the plaintiff who sues the administrator of one of the solidary obligors on a promissory note. The plaintiff having offered to prove that the prescription had been interrupted as to the deceased, Steen, by the testimony of the other maker of the note, Hardy, establishing Hardy's acknowledgment of the obligation before prescription had accrued, and having also offered other witnesses to the same effect, this was objected to on the ground that parol testimony was inadmissible to prove any acknowledgment or promise to interrupt the prescription of a debt against a person deceased;

Held—That the overruling of the objection by the court *a qua* was correct.

The evidence offered was not to prove the promise or acknowledgment of the deceased debtor, Steen, but to prove the acknowledgment of Hardy, the living debtor, nor was it to prove the creation of a new debt, after the old one had been extinguished by prescription. The acknowledgment of Hardy, a debtor *in solido* with Steen, interrupted the prescription as to him or his estate.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *Morgan*, J. *Henry L. Garland*, for plaintiff and appellee. *B. A. Martel & Hudspeth*, for defendant and appellant.

Ludeling, C. J. The plaintiff sues the administrator of one of two solidary obligors on a promissory note, who pleads the prescription of five years.

To prove that the prescription had been interrupted as to the deceased Steen, the plaintiff offered the testimony of the other maker of the note, Hardy, and of other witnesses, to prove the acknowledgment of Hardy before prescription had accrued. This was objected to substantially on the ground that parol testimony was inadmissible to prove any acknowledgment or promise to interrupt the prescription of a debt against a person deceased. The objection was overruled, the testimony was received and a bill of exceptions was taken to the ruling.

Petetin v. Boagni.

We think the ruling correct. Article 2278 R. C. Code declares, " parol evidence shall not be received : 1. To prove any acknowledgment or promise to pay any judgment, sentence or decree of any court of competent jurisdiction, etc., for the purpose of reviving the same after prescription has run. 2. To prove any acknowledgment or promise of a party deceased to pay any debt or liability, in order to take such debt or liability out of prescription, or to revive the same after prescription has run or been completed. 3. To prove any promise to pay the debt of a third person. 4. To prove any acknowledgment or promise to pay any debt or liability evidenced by writing, when prescription has already run.

But in all the cases mentioned in this article, the acknowledgment or promise to pay shall be proven by written evidence signed by the party, who is alleged to have made the acknowledgment or promise, or by his specially authorized agent or attorney in fact."

The testimony offered is not prohibited by said article.

Paragraph two of the article forbids the proof, by parol, of an acknowledgment or promise of a party deceased. Paragraph four forbids the parol proof of any acknowledgment or promise, after prescription had already run.

The evidence offered was not to prove the promise or acknowledgment of the deceased debtor Steen, but to prove the acknowledgment of Hardy, the living debtor ; nor was it to prove the creation of a new debt, after the old one had been extinguished by prescription. The acknowledgment of Hardy, a debtor *in solido* with Steen, interrupted the prescription as to him or his estate. C. C. 3552.

It is not necessary to notice the other bills of exceptions in this case.

It is therefore ordered that the judgment of the lower court be affirmed with costs of appeal.